# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00017-CR

**Yordanys Avila-Trujillo, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 274TH DISTRICT COURT OF HAYS COUNTY
### NO. CR-17-0881, THE HONORABLE GARY L. STEEL, JUDGE PRESIDING

### O R D E R

**PER CURIAM**

This appeal, which was initially filed on January 7, 2019, was previously abated on May 16, 2019, because appellant's initial appellate counsel had not filed status reports requested by this Court or responded to our notices, resulting in a delay in filing of the clerk's record and reporter's record. After the trial court conducted the required hearing under Rule 38.8, new appellate counsel was appointed.

The clerk's record and reporter's record were subsequently filed, making appellant's brief originally due on July 26, 2019. On August 15, 2019, this Court sent a notice to appellant's new appointed counsel, Robert A. Caine, informing him that appellant's brief was overdue and that a failure to file a satisfactory response by August 26, 2019, would result in the referral of this case to the trial court for a hearing under Rule 38.8(b) of the Texas Rules of Appellate Procedure. No response was filed.

Accordingly, we abated the case a second time for the trial court to conduct a hearing, as provided by Rule 38.8. While the case was abated, Mr. Caine submitted a motion to rescind or abate this Court's order abating the case, representing that he "was in a two-week jury trial around the time the brief was due and dropped the ball on this one, and requests an extension to **October 18, 2019**, to file his brief." (Emphasis added.) Because the case was abated, the motion was received but not filed, and the trial court proceeded to conduct the Rule 38.8 hearing, as we had ordered. The supplemental reporter's record from the hearing reflects that at the hearing Mr. Caine likewise represented to the trial court that he had requested from this Court that we extend the deadline for 30 days until October 18 to file the brief. The trial court found that "Mr. Caine's representation is that the appeal is going forward and that Mr. Caine is on top of it and should have it filed within **at least 30 days of today**." (Emphasis added.)

Instead of filing a brief for his client by October 18, 2019, as he represented to both this Court and the trial court that he would, Mr. Caine filed a motion for extension of time on October 17, seeking an extension until November 25, 2019—**38 days** after the date that he represented to this Court and the trial court that he would file the brief, **122 days** after the initial brief deadline that was set after the case was abated the first time and Mr. Caine was appointed as counsel, and **322 days** after the appeal was filed. Mr. Caine did not adequately explain in his motion for extension of time what has prevented him from filing the brief by the date that he represented he would.

Accordingly, we grant in part the motion for extension of time. We order Mr. Caine to file appellant's brief no later than **November 4, 2019**. If the brief is not filed by that date, Mr. Caine may be required to show cause why he should not be held in contempt of court. *See* Tex. R. App. P. 38.8(b)(4) ("[T]he appellate court may act appropriately to ensure that the

2

appellant's rights are protected, including initiating contempt proceedings against appellant's counsel.").

It is ordered on October 25, 2019.

Before Justices Goodwin, Baker, and Kelly

Do Not Publish